NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 09-2829

MICHAEL OGBIN; LYNN OGBIN, individually and as a class
representative On behalf of others similarly situated,

Appellant

v.

FEIN, SUCH, KAHN AND SHEPARD, P.C.;
JOHN DOE 1-100; JOHN DOE SERVICES 1-100

————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-08-cv-04138)
District Judge: Honorable Dennis M. Cavanaugh

————

Argued June 29, 2010

Before:   SLOVITER, BARRY and HARDIMAN, Circuit Judges

(Filed: February 22, 2011)

————

Lewis G. Adler (Argued)
Woodbury, N.J.   08096

        Attorney for Appellant

Gregory E. Peterson
Andrew C. Sayles (Argued)
Connell Foley
Roseland, N.J.   07068

        Attorneys for Appellee

OPINION

SLOVITER, *Circuit Judge.*

This case presents the same two questions of law that we recently decided in *Allen v. LaSalle Bank, N.A.*, --- F.3d ----, No. 09-1466, 2011 WL 94420 (3d Cir. Jan 12, 2011): (1) whether a communication from a debt collector to a consumer's attorney is actionable under § 1692f(1) of the Fair Debt Collection Practices Act ("FDCPA"); and (2) whether the New Jersey litigation privilege absolves a debt collector of liability under the FDCPA. The District Court here concluded that communications to attorneys are not actionable under the FDCPA and that the New Jersey litigation privilege creates an exemption to liability thereunder. In accordance with our decision in *Allen*, we will affirm in part, vacate in part, and remand for further proceedings.[1]

Law firm Fein, Such, Khan and Shepard, P.C. ("FSKS") filed a foreclosure action on behalf of loan servicer, West Coast Realty, LLC ("WCRSI"), against Michael and Lynn Ogbin after they defaulted on the second mortgage on their home. At the request of the Ogbins' attorney, FSKS sent two letters (the "Payoff Letters") to the attorney for the Ogbins during the pendency of the foreclosure proceedings. The first letter set forth the outstanding principal and interest owed

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and this court has jurisdiction under 28 U.S.C. § 1291.

2

on the loans and FSKS's attorney's fees and costs.   The second letter revised the first and itemized FSKS's attorney's fees and costs associated with the foreclosure action.

The Ogbins and WCRSI subsequently settled the foreclosure action. Thereafter, the Ogbins filed a class action complaint against FSKS, alleging that FSKS violated the FDCPA and asserting common law claims.   Specifically, the complaint alleged that the Payoff Letters violated § 1692f(1) of the FDCPA because they contained charges for which FSKS could not legally collect under state law or the mortgage contract, and because they contained overcharges in violation of various state statutory caps and/or were in excess of what was actually owed.   *See* 15 U.S.C. §§ 1692f, 1692f(1) ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" including "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law.").   The complaint also asserted claims of negligence and intentional misrepresentation based upon the alleged misstatements in the Payoff Letters.

The District Court dismissed the complaint on FSKS's motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   *Ogbin v. Fein, Such, Kahn & Shepard, PC*, No. 08-cv-4138, 2009 WL 1587896 (D.N.J. June 1, 2009).   In doing so, the Court

3

held that the Ogbins' common law claims of intentional misrepresentation and negligence were barred by the New Jersey litigation privilege and similarly failed because the complaint did not allege any cognizable damages stemming from the alleged overcharges. *Id.* at *3. The Court also concluded that the Ogbins' negligence claim was lacking on the basis that FSKS did not owe the Ogbins a duty of care because the Ogbins were represented by counsel in an action in which they were adverse to FSKS. *Id.* at *4. With respect to the Ogbins' FDCPA claims, the Court held that they were barred by the New Jersey litigation privilege, and alternatively that the Payoff Letters, which were sent to the Ogbins' attorney, were not actionable under the FDCPA. *Id.* at *2, *4. The Ogbins appeal.[2]

There was no error in the District Court's conclusion that the Ogbins failed to state common law claims of intentional misrepresentation and negligence. The Payoff Letters, which were sent by FSKS during the pendency of the foreclosure proceedings for the purpose of facilitating those proceedings, fall squarely within the scope of the New Jersey litigation privilege. *See Hawkins v. Harris*, 661 A.2d 284, 289 (N.J. 1995) ("The absolute privilege applies to 'any

---

[2] We conduct a plenary review of the District Court's order granting a motion to dismiss for failure to state a claim. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009). We accept all factual allegations in the complaint as true, construe it in the light most favorable to the Ogbins, and determine whether, under any reasonable reading of the complaint, the Ogbins may be entitled to relief. *See id.*

communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'") (quoting *Silberg v. Anderson*, 786 P.2d 365, 369 (Cal. 1990)). Because the Ogbins' common law claims are precluded by the litigation privilege, they cannot be the subject of liability against FSKS. *See Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 401 (D.N.J. 2009) ("[T]he litigation privilege protects attorneys not only from defamation actions, but also from a host of other tort-related claims.") (quotation omitted). Accordingly, we will affirm that part of the District Court's judgment dismissing the Ogbins' claims of intentional misrepresentation and negligence.

On the other hand, this court's decision in *Allen* requires remand of the Ogbins' FDCPA claims. In *Allen*, we concluded on substantially similar facts as alleged here, that letters to a debtor's attorney are actionable under § 1692f(1) of the FDCPA if those letters attempt to collect any amount not expressly authorized by the agreement creating the debt or permitted by law. --- F.3d at ----, 2011 WL 94420, at *4. We also concluded that the New Jersey litigation privilege does not absolve a debt collector from FDCPA liability. *Id.* In light of *Allen*, we will vacate and remand that part of the District Court's judgment dismissing the Ogbins' FDCPA claims. We leave to the District Court to determine whether the

amounts FSKS sought in the Payoff Letters are not permitted by the agreement authorizing the Ogbins' debt or by state law, such that the Ogbins have stated viable claims under § 1692f(1) of the FDCPA.

Accordingly, we will affirm in part, vacate in part, and remand for further proceedings.